Caria DICKERSON and Rafael Garcia, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Donald A. JOHNSON, in his official capacity as the Director of the Illinois Department of Labor, Lawrence Richardson, in his official capacity as the Administrator of the Bureau of Employment Security, Robert Haughey, in his official capacity as Commissioner of the Division of Unemployment Compensation, Illinois Department of Labor, Defendants.

No. 76 C 401.

United States District Court, N. D. Illinois, E. D.

May 31, 1977.

Lucy A. Williams, Garfield-Austin Legal Services, Chicago, Ill., for plaintiffs.

Herbert Lee Caplan, Asst. Atty. Gen., State of Ill., Chicago, Ill., for defendants.

Before SPRECHER, Circuit Judge, and MARSHALL and LEIGHTON, District Judges.

## MEMORANDUM DECISION

MARSHALL, District Judge.

The plaintiffs, Caria Dickerson and Rafael Garcia, bring this class action to enjoin defendants' enforcement of the Illinois Unemployment Insurance Act, *Ill.Rev.Stat.* ch. 48, § 401, to the extent that it denies dependency allowances to the plaintiffs solely because they began supporting dependent children after the beginning of their cur-

rent benefit year. Plaintiffs allege that § 401 violates the Equal Protection Clause of the Fourteenth Amendment. Jurisdiction is present under 28 U.S.C. § 1343 and causes of action are asserted under 42 U.S.C. § 1983. An earlier memorandum decision certified this suit as a class action in behalf of all recipients of unemployment compensation benefits in Illinois who have been denied a dependency allowance solely on the ground that they began supporting dependent children after the beginning of their current benefit year and convened a three-judge federal district court pursuant to 28 U.S.C. §§ 2281 and 2284.

There are no material factual issues in dispute and both sides have moved for summary judgment. For the reasons hereinafter set forth, we grant defendants' motion for summary judgment.

## I. *The Statute*

*Ill.Rev.Stat.* ch. 48, § 401 provides *inter alia* that an individual eligible for unemployment compensation benefits is entitled to 16⅔% of his prior average weekly wage as a dependency allowance if that individual has one of more children. Child is defined as:

"... a natural child, step-child, or adopted child of an individual claiming benefits under this Act, for whom the individual is supplying and, for at least 90 consecutive days (or for the duration of the parental relationship if it has existed for less than 90 days) immediately preceding the beginning of his current benefit year,[1] has supplied more than one-half the cost of support, or has supplied at least ¼ of the cost of support if the individual and the other parent, together, are supplying and, during the aforesaid period, have supplied more than one-half the cost of support, and are, and were during the aforesaid period, members of the same household; and who, on the beginning date of such benefit year (a) is under 18 years of age, or (b) is, and has

been during the immediately preceding 90 days, unable to work because of illness or other disability: provided, that no person who has been determined to be a child of one individual on the beginning date of such individual's benefit year shall be deemed to be a child of any other individual whose benefit year starts within one year thereafter." *Ill.Rev.Stat.* ch. 48, § 401.

## II. *The Facts*

On June 25, 1975, plaintiff Caria Dickerson applied for unemployment benefits. On or about July 3, 1975, she received a Finding-Wage Transcript which listed the beginning of her current benefit year as June 22, 1975, and showed no dependents allowed. A Claims Adjudicator informed Mrs. Dickerson that she was not eligible to receive benefits at that time because she was pregnant. Mrs. Dickerson's child was born on July 14, 1975. Mrs. Dickerson has been separated from her husband since November, 1974, and is the sole support of her child. On October 12, 1975, Mrs. Dickerson again applied for unemployment insurance benefits and was determined to be eligible for benefits as of that date. However, Mrs. Dickerson was not allowed the dependency allowance for her child under *Ill.Rev.Stat.* ch. 48, § 401 because her child was not born prior to the beginning of her current benefit year.

On October 15, 1975, plaintiff Raphael Garcia applied for unemployment benefits. On or about October 24, 1975, he received a Finding-Wage Transcript which listed the beginning of his current benefit year as October 12, 1975, and showed no dependents allowed. Mr. Garcia is the father and sole support of a child born on December 9, 1975. Although Mr. Garcia is not married to the child's mother, Mr. Garcia lives with the child's mother and the child and is the sole support of the child. On or about January 7, 1976, Mr. Garcia asked to have a dependency allowance placed on his unem-

---

1. "Benefit year" is defined as "the one-year period beginning with the first day of the week with respect to which the individual first files a valid claim for benefits . . . ." *Ill.Rev.Stat.* ch. 48, § 352.

ployment benefit check. Mr. Garcia was informed that such a dependency allowance was not allowed because his child was not born prior to the beginning of his current benefit year.

### III.

Plaintiffs contend that *Ill.Rev.Stat.* ch. 48, § 401 violates the Equal Protection Clause of the Fourteenth Amendment in that it arbitrarily divides the group of recipients of unemployment compensation with one or more dependent children into two classes and enables only the first class to receive dependency allowances. The two classes are: (1) those recipients who began supporting their dependent child or children before the beginning of their current benefit year; and (2) those recipients who began supporting their dependent child or children after the beginning of their current benefit year.

■ The provision for additional unemployment compensation in the form of a dependency allowance relates to economic and social matters. In the area of economic and social welfare, the Equal Protection Clause is satisfied if the State's classification bears some rational relationship to the legitimate state purpose. *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Weber v. Aetna Casualty and Surety Co.,* 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); *White v. Fleming,* 522 F.2d 730 (7th Cir. 1975). Moreover, the purpose need not have been a main objective of the statute or even one that the legislators had in mind when they passed it. *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

■ We find that it was not arbitrary or capricious for the legislature to grant dependency allowances only to individuals who supported one or more children at the beginning of their current benefit year. This classification is rationally related to the State's legitimate interest in preserving the fiscal integrity of its unemployment compensation program. *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Dimery v. Department of Social Serv. of State of Iowa,* 344 F.Supp. 1181 (S.D.Iowa 1972); *Russo v. Shapiro,* 309 F.Supp. 385 (D.Conn. 1969). Unemployment compensation benefits in Illinois are paid entirely out of a trust fund created from involuntary contributions of in-state employers. This trust fund is kept separate and apart from all public monies or funds of the State. *Ill. Rev.Stat.* ch. 48, § 660. The legislature might have reasonably believed that it was necessary to limit dependency allowances only to those with the greatest need. In addition, the classification in § 401 is administratively convenient and provides certainty. *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). To determine whether an individual is entitled to receive a dependency allowance only his status as of the beginning of his current benefit year need be examined. Although this classification is underinclusive, "[i]n the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970).

Accordingly, defendants' motion for summary judgment is granted and plaintiffs' cross-motion for summary judgment is denied and the action is dismissed.